IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

ROBERT A. CLARK,

        Plaintiff,

v.                                            No. CIV 97-517 BB/JHG

REGENTS OF THE UNIVERSITY
OF CALIFORNIA and SIGFRIED
HECKER, in his individual and
official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO STAY AND
## OBJECTIONS TO MAGISTRATE'S ORDER

THIS MATTER having come before the Court on *Defendants' Motion to Stay and Objections to the Magistrate's February 9, 1998 Order* [#52], and the Court having considered the briefs of counsel, the Defendants' motion will be Denied.

## Discussion

Plaintiff's age discrimination action is based on his termination through a reduction-in-force ("RIF"). Plaintiff asserts the Defendants discriminated against him in the RIF because of his age. The New Mexico Human Rights Division found this claim supported by probable cause. On February 9, 1998, Magistrate

Judge Joe Galvan issued an order denying Defendants' motion for protective order seeking to limit the scope of discovery in this case to the division of the Los Alamos National Laboratory where Plaintiff was terminated.

The magistrate is vested with broad discretion to fashion discovery rulings, including the grant or denial of protective orders.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616 (N.D. Tex. 1993).  The standard to reverse the magistrate's order regarding the grant or denial of a protective order is therefore whether the magistrate abused his discretion.  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir.), *cert. denied*, 506 U.S. 869 (1992); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1085 (11th Cir. 1990) (ruling on a motion to compel discovery "will be reversed only if it constitutes an abuse of discretion").  Such an abuse occurs only if the decision at issue is clearly erroneous or contrary to law.  *Otero v. Buslee*, 695 F.2d 1244 (10th Cir. 1982); *Sanchez v. KPMG Peat Marwick*, 1994 U.S. Dist. Lexis 11208 (D.N.M. 1994).

Defendants certainly cite substantial precedent limiting the scope of discovery to the decision making unit involved in the alleged violation of the Age Discrimination in Employment Act ("ADEA"). Indeed, while there is dated Tenth

Circuit precedent upholding such a restriction in an analogous area,[1] there is also dated Tenth Circuit precedent to the contrary.[2] The only Tenth Circuit case factually on point is a *per curium* unpublished opinion affirming a district court decision geographically limiting discovery in an ADEA case. *Heward v. Western Elec. Co.*, 35 F.E.P. 807, 1984 WL 15666 (10th Cir. 1984). In addition to having very limited precedential value, however, the Tenth Circuit in *Heward* began by recognizing the well established rule "in this Circuit and elsewhere that the scope of discovery is limited only by relevance and burdensomeness.'" 1984 WL 15666 at 6, quoting *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980). The *Heward* opinion was also explicit that there, as here, the Court was not establishing law but deferentially reviewing the lower court. The *Heward* Court emphasized that "it must be remembered that this court's review authority is quite limited; trial courts have a broad discretion in discovery matters and appellate courts will reverse only for an abuse of that discretion." *Id.* Moreover, the *Heward* holding was itself quite narrow. "In the instant action the district court below did not

---

[1] *James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir. 1979); *Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178 (10th Cir. 1973). *See also EEOC v. Prestolite Battery Div.*, 14 F.E.P. 1634 (W.D. Okla. 1976).

[2] *See Circle K Corp. v. EEOC*, 501 F.2d 1052 (10th Cir. 1974), and *EEOC V. Univerity of New Mexico*, 504 F.2d 1296 (10th Cir. 1974).

abuse its discretion by concluding that the limited relevance of the requested nationwide discovery did not outweigh the burdensomeness of such discovery to Western." *Id.*  By adopting the same deferential standard employed by the Tenth Circuit in *Heward*, this Court must also conclude there was no abuse of discretion by Magistrate Galvan.

In the present case, as Defendants note, "Plaintiff has 'lab wide' documents from the *Aragon* case that are identical to the documents it [sic] seeks in this case." Defs.' Reply Br. at 3.  Since *Heward* recognized that one of the factors the Court must weigh in making such a decision on the scope of discovery is the burden of such production, there is clearly no need to require Defendants to produce any documents previously produced in *Aragon*.  Beyond that, however, this Court cannot say the Magistrate exceeded his discretion in allowing lab wide discovery since such discovery "appears reasonably calculated to lead to the discovery of admissible evidence" under Federal Rule of Civil Procedure 26(b)(1).  *Parrish v. Ford Motor Co.*, 1992 WL 20305 (6th Cir. 1992); *Herman v. National Broadcasting Co.*, 744 F.2d 604 (7th Cir. 1984); *Finch v. Hercules, Inc.*, 149 F.R.D. 60 (D. Del. 1993).  *See also EEOC v. University of New Mexico*, 504 F.2d at 1296;

# **O R D E R**

For the reasons above set forth, the February 9, 1998, order of the Magistrate is **AFFIRMED** except that Defendants are not required to produce documents previously provided to Plaintiff's counsel in the *Aragon* case.

Dated at Albuquerque this 7th day of May, 1998.

                                                BRUCE D. BLACK
                                                United States District Judge

Counsel for Plaintiffs:

    K. Lee Peifer, Angela Cornell, Albuquerque, NM

Counsel for Defendants:

    Robert D. Castille, Tanya M. Trujillo, Santa Fe, NM