UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

ROBERT A. CLARK,

      Plaintiff,

vs.                                                                                       No. CIV 97-0517 BB/JHG

UNIVERSITY OF CALIFORNIA and
SIEGFRIED HECKER, in his individual
and official capacity,

      Defendants.

**MEMORANDUM OPINION**

      This matter comes before the Court on Defendants' Motion to Dismiss Defendant Hecker (Doc. 47), filed March 16, 1998. Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendants' Motion should be GRANTED.

**I. Facts and Procedural History.**

      This is an employment discrimination case in which plaintiff Bob Clark, a former scientist at Los Alamos National Laboratory who is approximately 56 years old, alleges he was laid off in a reduction in force ("RIF") and that younger scientists were hired to replace him, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§621 et seq., and the New Mexico Human Rights Act (NMHRA), N.M.S.A. 1978 §§28-1-1 et seq. Plaintiff has named as

defendants the Regents of the University of California, who operate the Los Alamos Lab, and Siegfried Hecker, director of the Lab, "in his individual and official capacity."

Defendants have filed this Motion to Dismiss Defendant Siegfried Hecker, based on two grounds: (1) Hecker is an inappropriate defendant under the ADEA; and (2) plaintiff failed to exhaust his administrative remedies against Hecker because he did not name Hecker in actions before the New Mexico Human Rights Division or the EEOC.  The Court will dismiss the federal claim against Defendant Hecker on grounds that the ADEA is not meant to reach an individual director of a state agency.  In addition, the state claim against Hecker will also be dismissed, on grounds there is no individual liability under the NMHRA.  In light of this disposition, the Court does not reach the issue of exhaustion of remedies.

**II. Discussion**

A. <u>Defendant Hecker is not an appropriate defendant under the ADEA</u>.

As the director of a state-run agency, Siegfried Hecker is not an appropriate defendant under the ADEA, because he does not fall within the definition of "employer" under that Act. The ADEA prohibits "employers" from discriminating against employees on the basis of age and defines "employer" as:

> a person engaged in an industry affecting commerce who has twenty or more employees . . .   The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State . . .

29 U.S.C. §630(b).

The term "person" under the ADEA does not include a state or subdivision or instrumentality thereof.  29 U.S.C. §630(a); Court v. Admin. Office of Third Judicial Dist. Court, 764 F. Supp. 168, 169 (D. Utah 1991).  Therefore, the fact that the statute includes agents of "persons" within the definition of "employer" does not directly answer the question whether agents of States or political subdivisions are also "employers."  Most courts that have considered this question have read into the statute the obvious implication that agents of states and their instrumentalities are not intended as proper defendants under the Act, even if the statute might appear to allow an action against an individual "agent" of a private employer.

As defendant points out, the Tenth Circuit has held, in a case involving Los Alamos Lab, that the Regents of the University of California are an arm of the State of California.  Mascheroni v. Bd. of Regents of the Univ. of Calif., 28 F.3d 1554, 1559 (10th Cir. 1994).  Defendant Hecker is named in this case because he is the "senior officer" of the Laboratory, "responsible for implementation of all personnel procedures and actions," and the one who "directed the Laboratory personnel to conduct the reduction-in-force that led to Plaintiff's termination."[1]  He is clearly named in the Complaint as an agent of an arm of the State of California.  As such, he is not subject to suit under the ADEA, under the overwhelming majority view.

In Wanner v. Kansas, 766 F. Supp. 1005, 1007 (D. Kan. 1991), the court dismissed the director of a state agency from the case as an individual defendant, on grounds he was not an "employer" as defined in the ADEA.  Wanner relied on two earlier cases from the District of Kansas, Ditch v. Bd. of County Comm'rs, 650 F. Supp. 1245 (D. Kan. 1986), modified on other grounds, 669 F. Supp. 1553 (D. Kan. 1987); and Young v. Sedgwick County, 660 F. Supp. 918,

---

[1] Plaintiff's First Amended Complaint, ¶4.

924 (D. Kan. 1987), in holding that, "unlike the comparable Title VII provision, the ADEA does not include agents of state agencies within the definition of 'employer.' In order to follow plaintiffs' contention, the court would be forced to rewrite the ADEA statute. This is a job for Congress, not for this court."

In Ditch, the court noted that the few cases which have allowed the naming of individuals in ADEA cases involving states or state agencies rely on unsound grounds, i.e., the general rule that the ADEA is to be liberally interpreted, and reliance on cases under Title VII:

> In enacting the ADEA, [unlike Title VII], Congress explicitly excluded states and their political subdivisions from the definition of person, opting rather to include them as a separate and distinct category of employer. Within one sentence, Congress established the separate and distinct liability of (1) agents of persons and (2) states and political subdivisions. Congress made no provision for agents of states and political subdivisions. It would have only required the insertion of the short phrase 'and their agents' in 29 U.S.C. §630(b)(2) to express Congress' intent to hold individuals such as these defendants liable for age discrimination . . . This court cannot invalidate the express terms of a federal statute under the guise of applying a policy of liberal construction, regardless of the ultimate ends that would be furthered.

Ditch, supra, at 1251.

In Young, the court noted that the first step in construing a statute is to look to the language of the statute and ascribe to it the plain meaning of its terms. Under this process, "[t]he definition of 'employer' under the ADEA quite clearly does not include any agent of an agency or instrumentality of a state of political subdivision of a state." Young, supra, at 924. Two other Districts in the Tenth Circuit have followed this approach. See, Swanson v. Dept. of Health, 773 F. Supp. 255, 258 (D. Colo. 1991) ("ADEA plaintiffs cannot sue an individual state official

4

because such persons are not 'employers' as defined by the Act . . .  Instead, a plaintiff must sue the state agency itself"); and Court, supra (D. Utah).

Cases from other Circuits likewise generally exclude the agents of state agencies from the definition of "employer":

> Section 630(b) thus expressly refers to an agent of a 'person' as an employer but fails so to refer to an agent of a state or its instrumentalities.  The term 'person'. . . [as defined in the ADEA] conspicuously omits a state or its instrumentalities.  A fair reading of the statute's language is that agents of a state's instrumentalities – such as the individual defendants in this action – are not employers within the contours of the ADEA and may not be sued individually.

Price v. Erie County, 654 F. Supp. 1206, 1207 (W.D.N.Y. 1987).

The Price court also rejected the plaintiff's argument that §630(b) is the result of "inartful drafting" and that Congress really meant to provide the same definition of "employer" as that found in Title VII, since both statutes were amended in the early 1970s to allow previously-forbidden actions against government agencies:  "The plaintiff has cited no other legislative history and this Court is not convinced that Congress's method of amending the Act can be utilized to negate the clear language of the statute as amended.  This Court refuses to infer congressional ineptitude."  Price, supra, at 1207.

See also, Sagarino v. Town of Danvers, 750 F. Supp. 51, 52 (D. Mass. 1990) ("this court agrees with the majority of courts that have considered this issue and holds that agents of a state or political subdivision of a state are not employers within the meaning of 29 U.S.C. 630(b)"; Tranello v. Frey, 758 F. Supp. 841 (W.D.N.Y. 1991), aff'd in part, appeal dismissed in part, 962 F.2d 244 (2d Cir. 1992); Kauffman v. Kent State Univ., 815 F. Supp. 1077 (N.D. Ohio 1993),

5

aff'd without op'n, 21 F.3d 428 (6th Cir. 1994); Kizer v. Curators of Univ. of Missouri, 816 F. Supp. 548, 550 (E.D. Mo. 1993) (the definition of employer "contemplates liability on the part of some agents, those of persons, and for entities with a certain relationship to a state, but it does not extend liability to agents of a state, its political subdivisions or instrumentalities"); Corrigan v. Rhode Island, 820 F. Supp. 647 (D.R.I. 1993); and Rutland v. Office of Atty. Gen., 851 F. Supp. 793, 803 (S.D. Miss. 1994) ("inasmuch as §630(b) refers to agents of 'persons,' but does not refer to agents of a State or instrumentality, agents of a State or instrumentality thereof are not included within the class of potential defendants"), aff'd, 54 F.3d 226 (5th Cir. 1995).

The few cases holding otherwise (e.g., Coffin v. S.C. Dept. of Soc. Services, 562 F. Supp. 579 (D.S.C. 1983); Weeks v. Maine, 871 F. Supp. 515 (D. Me. 1994); Goodman v. Bd. of Trustees of Community College Dist. 524, 498 F. Supp. 1329 (N.D. Ill. 1980)) either analogize to Title VII or rely on liberal construction, grounds which a majority of courts reject in the face of the explicit statutory language.

Defendant Hecker was named in plaintiff's complaint in both his individual and official capacities, and a few cases hold that agents of state agencies, while they cannot be sued in their individual capacities, should still remain as defendants in their official capacities. McCroan v. Bailey, 543 F. Supp. 1201 (S.D. Ga. 1982); Brogdon v. Ala. Dept. of Econ. and Community Affairs, 864 F. Supp. 1161 (M.D. Ala. 1994). These cases misread the rule derived from Kentucky v. Graham, 473 U.S. 159, 166 (1985), that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." The Supreme Court in Kentucky goes on to explain in a footnote that therefore there is no need to name the individuals at all, unless the entity cannot be named because of Eleventh Amendment immunity. Since Eleventh Amendment

6

immunity is deemed to have been abrogated under the ADEA, Hurd v. Pittsburg State Univ., 109 F.3d 1540, 1546 (10th Cir. 1997), there is thus no reason to keep this individual defendant in the lawsuit at all, under the ADEA cause of action.  See also, Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993) (characterized as holding that "claims against the individuals in their official capacity merge into claims against the employer" in Taylor v. Scottpolar Corp., No. 96-1879, 1998 WL 91215, at *6 (D. Ariz. Feb. 20, 1998)).

    B.  Defendant Hecker is not an appropriate defendant under the NM Human Rights Act.

The fact that Defendant Hecker is not a proper party defendant under the ADEA does not necessarily dispose of his presence in the lawsuit, since plaintiff also brings claims against both defendants under the New Mexico Human Rights Act.  However, the Court finds that Defendant Hecker is not a proper party under the NMHRA, too, because individual liability is not allowable under that statute.

As discussed above, the ADEA claim against Defendant Hecker will be dismissed based on the fact that the defendant employer herein is a governmental body.  However, Defendant Hecker would not face individual liability under the ADEA even if he had been the agent of a private employer, and therefore the same is true under the NMHRA.

The Tenth Circuit has held that Title VII does not impose liability against persons in their individual capacities.  Sauers v. Salt Lake County, supra, at 1125; Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) ("the language and structure of amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors").  See also, Roe v. Antle, 964 F. Supp. 1522, 1533 (D.N.M. 1997).

The reasons for this rule include: (1) the fact that Title VII applies only to employers with a minimum number of employees, indicating that small entities (which category naturally includes individuals) are to be protected from costly discrimination lawsuits; (2) the original remedies and later damage caps set forth in Title VII are those most naturally provided by employers rather than by individuals; and finally, (3) there are no countervailing policy considerations to persuade the court to impose such liability.  Vigil v. Richardson Investments, No. 95-1450, slip. op. at 5-8 (D.N.M. Apr. 19, 1996) (Black, J.), citing, Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir.1995); EEOC v. AIC Sec. Investigations, Inc., 55 F.3d 1276 (7th Cir. 1995); Miller v. Maxwell's Int'l Inc., 991 F.2d 583 (9th Cir. 1993), and other cases.

All of these policy reasons apply as well to cases brought under the ADEA.  See, Ball v. Renner, 54 F.3d 664, 668 n. 6 (10th Cir. 1995); Worman v. Farmers Coop. Ass'n, — F. Supp.—, 1998 WL 244564, at *1 (D. Wyo. May 11, 1998) ("Because it is settled that the Tenth Circuit interprets ADEA in tandem with Title VII, see Ellis v. United Airlines Inc., 73 F.3d 999, 1007 (10th Cir.1996), it logically follows that individual liability suits would be disallowed under ADEA as well");  Boerner v. Wal-Mart Stores, Inc., No. 96-1266, slip. op. (D.N.M. Sept. 23, 1997) (Hansen, J.); Pettis v. U.S. West Communications, No. 95-1549, slip. op. (D.N.M. Aug. 29, 1996) (Conway, C.J.).  And, furthermore, these policy reasons apply also to claims brought under the New Mexico Human Rights Act:

> Given the similar language of Title VII and the NMHRA, it would be inconsistent for the Court to apply Title VII differently than the NMHRA.  When the language of a state statute parallels the language of Title VII, and neither the state legislature nor a state court has distinguished the state statute from Title VII, a federal court should interpret the state statute in a manner consistent with Title VII.  See, Lenhardt, 55 F.3d at 379-80 (holding that a

> Missouri statute analogous to Title VII did not impose liability on individuals, relying on federal caselaw decided under Title VII and ADEA). As a result, the Court will dismiss Plaintiff's claims under the NMHRA against Defendants Thomas and Skolnick in their individual capacities.

Vigil v. Richardson Investments, supra, at 10.

As noted in Part (A) above, the statutory language of the ADEA differs from that of Title VII and of the NMHRA with regard to its treatment of governmental versus private employers. However, the language of all three statutes regarding an "agent" of private employer, or one "acting for" an employer, is very similar, see, N.M.S.A. 1978 §28-1-2(B); 29 U.S.C. §630(b); 42 U.S.C. §2000e(b), and the policy basis for excluding individual liability is identical under all three statutes. In Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 380 (8th Cir. 1995), a case analogizing Title VII, the ADEA, and a state Human Rights Act, the court held that the phrases "any agent of such a person" and "any person directly acting in the interest of an employer" mean the same thing and have the same legal effect.

Therefore, even if Los Alamos Lab had been a private employer, defendant Hecker would not have been an appropriate defendant under the ADEA, in his individual capacity. This means that he is likewise an inappropriate defendant under the New Mexico Human Rights Act. Because the Court finds that Defendant Hecker is not a proper defendant under either statute, there is no need to address the parties' contentions regarding exhaustion of remedies.

### III. Conclusion

The Court finds that Defendants' Motion to Dismiss Defendant Hecker is well taken, and the Motion will be GRANTED.

An Order in accordance with this Memorandum Opinion will issue.

Dated at Albuquerque this 24th day of June, 1998.

                                                BRUCE D. BLACK
                                                United States District Judge